IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| **Jerry Strange**, et al. | ) | |
| | ) | No: 3:13cv308 |
| | ) | |
| v. | ) | Judge Campbell |
| **City of Springfield, Tennessee,** et al. | ) | |
| | ) | Magistrate Judge Griffin |

**INITIAL CASE MANAGEMENT ORDER # 1**

**I. JURISDICTION AND VENUE**

Federal jurisdiction in this case is predicated on Title 28 U.S.C. §§ 1331 and 1343, *et seq.*, in that this is a case brought under the authority of the Civil Rights Act of 1871, Title 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. This Court possesses personal jurisdiction over all parties to the above-styled action, and venue is proper, pursuant to 28 U.S.C. § 1391.

The parties do not dispute that jurisdiction and venue are proper.

The Complaint in this case was filed on April 5, 2013, and Waiver of Service of Summons forms were mailed to all defendants on April 23, 2013. Completed forms have been received and filed.

The parties do not dispute that service of process as to all defendants has been perfected by waiver of service of summons.

-1-

## II. BRIEF THEORIES OF THE PARTIES

### 1) <u>Plaintiffs</u>

The events that led to this lawsuit occurred on April 5, 2012, and resulted in the death of Jason Strange. Plaintiffs' federal claims arise out of the use of excessive force and a deliberate indifference of resulting serious medical needs. The actions of the defendants all occurred within the scope of their employment under the color of law. The unconstitutional acts were a result of a failure to provide adequate training in light of serious and harmful foreseeable consequences for a usual and recurring situation by the City of Springfield ("Springfield"), and Springfield is also sued for having promulgated an unconstitutional policy, custom or practice related to confronting or subduing suspects known to be mentally unsound or potentially violent and the use/misuse of deadly force.

Defendants were provided detailed information from a call reporting an altercation between Mr. Strange and his neighbor and from witnesses at the scene. Defendants were informed that Mr. Strange's minor son was present, that during the altercation Mr. Strange was holding a knife to his own neck and appeared mentally compromised or under the influence and that he had been easily subdued and stayed on the ground before appearing confused about where he was and retreating to his apartment by himself.

Only one officer was sent to respond (Defendant Berry), who initiated the confrontation. Backup was not requested or sent prior to the shooting and at no point did Defendant Berry ever identify himself, issue any type of warning or make any effort to use any of the non-lethal force options available to him. Mr. Strange was shot twice in a unreasonable use of force that exceeded the known circumstances of the situation. Defendant Berry and the subsequently responding officers, Defendants Cobb and Heatherly, also denied or delayed administering potentially life saving first-aid within the scope of prior training.

The events were captured on video by one or more dashcams and audio was recorded via the emergency call system and officer microphones.

2) **Defendants**

a. **Defendant City of Springfield:**

On April 5, 2012, while acting under the "color of law" and as an officer for the City of Springfield ("City"), Officer Berry shot Jason Strange in self-defense and in defense of others. The City avers that no constitutional violation occurred, and thus, the City is not liable to the Plaintiffs under 42 U.S.C. § 1983. Further, the City denies that any action or inaction by it or its officers deprived the decedent of any interest or privilege protected by the United States Constitution or any other federal law.

Specifically, the City denies that there existed a custom, policy or practice of allowing and/or condoning unconstitutional acts by the City's police officers. Moreover, the City denies it was deliberately indifferent to the training and supervision of City police officers in regard to police procedures and protocol, including but not limited to, the use of force, the subduing of potentially violent suspects, and post use of force conduct.

b. **Defendant Cobb:**

Defendant Cobb denies that he violated the rights of Plaintiffs or the Plaintiffs' decedent, Jason Strange. Plaintiffs have failed to state a claim against this Defendant to the extent it is alleged that Cobb used excessive or unconstitutional force against the Plaintiffs' decedent. This Defendant denies that he was deliberately indifferent to the needs of the Plaintiffs' decedent. Cobb is individually entitled to qualified immunity and to the extent he is sued in his official capacity such is a suit against the City of Springfield. Defendant denies any violation of federal or state law and denies any liability for the damages alleged including, but not limited to, compensatory damages, punitive damages, attorney's fees, litigation expenses or court costs.

### c. Defendant Heatherly:

Defendant Heatherly denies that he violated the rights of Plaintiffs or the Plaintiffs' decedent, Jason Strange. Plaintiffs have failed to state a claim against this Defendant to the extent it is alleged that Heatherly used excessive or unconstitutional force against the Plaintiffs' decedent. This Defendant denies that he was deliberately indifferent to the needs of the Plaintiffs' decedent. Heatherly is individually entitled to qualified immunity and to the extent he is sued in his official capacity such is a suit against the City of Springfield. Defendant denies any violation of federal or state law and denies any liability for the damages alleged including, but not limited to, compensatory damages, punitive damages, attorney's fees, litigation expenses or court costs.

### d. Defendant Berry:

Defendant Christopher Berry denies any and all claims that he violated any right secured under any applicable law of the decedent, Jerry Strange. On April 5, 2012, Officer Berry lawfully had contact with Jerry Strange at Mr. Strange's apartment complex in Springfield. Officer Berry did not initiate a confrontation with Mr. Strange. Rather, the nature of his contact with Mr. Strange prior to the shooting was both reasonable and justified. Officer Berry contends and will prove that his action in using his firearm in self-defense and in the defense of others nearby was justified under the circumstances. Officer Berry will further prove that his actions did not constitute an excessive use of force, nor did his conduct rise to the level of deliberate indifference after the shooting.

## III. ISSUES STILL IN DISPUTE

The TBI investigation is closed. This matter was presented to the grand jury by District Attorney General Carney, and no indictments were issued. The only thing currently pending is District Attorney General Alsobrooks' review of the matter at the request of General Carney, such request being made following complaints by the plaintiff, Jerry Strange, to General Carney regarding the first presentment to the grand jury. General Alsobrooks has informed counsel for the

City of Springfield that it is his role to decide whether to re-present to the Grand Jury and that he needs 60 to 90 days to complete his review and make his decision. In the meantime, although the TBI has completed its investigation, according to TBI legal counsel, it will not produce its file without approval from General Alsobrooks, which he will not currently give.

In light of the current posture of the pending review by General Alsobrooks, there is a dispute among the parties as to whether proceedings before this Court should be stayed until the TBI is willing to produce its file. The parties would like to address this issue at the Initial Case Management Conference.

## IV. SCHEDULE OF PRE-TRIAL PROCEEDINGS

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures by **July 24, 2013**; the deadline for the defendants to file responses to the Complaint is extended to **July 24, 2013.**

### B. Discovery

The parties shall complete all written discovery and depose all fact witnesses on or before **December 2, 2013**. There shall be no stay of discovery pending disposition of any motions absent order by the Court. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to twenty-five (25) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Local Rule 33.01 shall govern.

A subsequent case management conference will be held by telephone 30 days prior to the completion of discovery on **November 1, 2013**. Plaintiffs will initiate the call unless otherwise stipulated and communicated to all parties.

### C. Motions to Amend

The parties shall file all Motions to Amend on or before **December 2, 2013**.

Case 3:13-cv-00308   Document 15   Filed 05/21/13   Page 5 of 8 PageID #: 57

### D. Disclosure of Experts

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 6, 2014**. The defendants shall identify and disclose all expert witnesses and reports on or before **February 28, 2014**. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before **April 1, 2014**.

### E. Depositions of Expert Witnesses

The parties shall depose all expert witnesses on or before **May 16, 2014**.

### F. Joint Mediation Report

The deadline for the parties to file a joint mediation report will be established on 11-1-13.

### G. Dispositive Motions

The deadline for dispositive motions is **June 16, 2014**.

Responses to dispositive motions are due **July 14, 2014** (or 28 days after the date of the motion filed if early), and replies by **July 28, 2014** (14 days after the date the response is filed). Motion and response memoranda are limited to 25 pages. Replies (if filed), are limited to 5 pages absent Court permission for longer pleading.

### H. Electronic Discovery

The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

## V. Target trial date and estimated trial time

This case will require a jury trial and should not exceed 4-5 days. It is recommended that the jury trial be set in November, 2014, and no earlier than November 5, 2014.

It is so ORDERED.

_____
Magistrate Judge Griffin

APPROVED FOR ENTRY:

By: *s/ David Randolph Smith*
**David Randolph Smith**, TN BPR#011905
**Dominick R. Smith**, TN BPR # 028783
**W. Lyon Chadwick,** TN BPR # 029599
DAVID RANDOLPH SMITH & ASSOCIATES
1913 21st Avenue South
Nashville, Tennessee 37212
(615)742-1775
(615) 742-1223 fax
*Attorneys for Plaintiffs*

By: *s/. Kristin Ellis Berexa*
**Kristin Ellis Berexa**
**Brandt M. McMillan**
FARRAR & BATES, LLP
211 Seventh Avenue N., Suite 500
Nashville, TN 37219
(615) 254-3060
Fax (615) 254-9835
*Attorneys for Defendant City of Springfield*

By: *s/ Robert M. Burns*
**Robert M. Burns**
Howell & Fisher
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
Fax: (615) 244-3518
*Attorneys for Defendant Christopher Berry*

By: *s/ Daniel Lynch Nolan, Jr.*
**Daniel Lynch Nolan, Jr.**
**Daniel Mark Nolan**
**Kathryn W. Olita**
Batson Nolan PLC
121 S Third Street
Clarksville, TN 37040
(931) 647 1501
Fax: (931) 553-0153
*Attorneys for Defendants Andrew Cobb and Ricki Heatherly*

-7-

Case 3:13-cv-00308   Document 15   Filed 05/21/13   Page 7 of 8 PageID #: 59

# CERTIFICATE OF SERVICE

I certify that on this 19th day of May, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt:

**Kristin Ellis Berexa**
**Brandt M. McMillan**
FARRAR & BATES, LLP
211 Seventh Avenue N., Suite 500
Nashville, TN 37219
(615) 254-3060
Fax (615) 254-9835
*Attorneys for Defendant City of Springfield*

**Robert M. Burns**
Howell & Fisher
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
Fax: (615) 244-3518
*Attorneys for Defendant Christopher Berry*

**Daniel Lynch Nolan, Jr.**
**Daniel Mark Nolan**
**Kathryn W. Olita**
Batson Nolan PLC
121 S Third Street
Clarksville, TN 37040
(931) 647 1501
Fax: (931) 553-0153
*Attorneys for Defendants Andrew Cobb and Ricki Heatherly*